# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-887V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ALEX and TESS BECHEL,      \*
*parents of* G.J.B., *a minor*,      \*

     \*      Chief Special Master Corcoran

     Petitioners,      \*

     \*      Dated: June 14, 2023

v.      \*

     \*

     \*

SECRETARY OF HEALTH AND      \*
HUMAN SERVICES,      \*

     \*

     Respondent.      \*

     \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Isaiah Kalinowski*, Bosson Legal Group, Fairfax, VA, for Petitioners.

*Colleen Clemons Hartley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ORDER GRANTING MOTION TO REDACT[1]

On July 26, 2016, Alex and Tess Bechel, as parents of G.J.B., filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners alleged that G.J.B. experienced encephalopathy, epilepsy, seizures, delirium, confusion, altered mental state, and other injuries due to the administration of several childhood vaccines on July 29, 2013. Petition (ECF No. 1) at 1–2. I denied entitlement on May 22, 2023 (ECF No. 86) (the "Entitlement Decision").

---

[1] This Order will be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Order will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Order's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Order in its present form will be available. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioners have now requested, pursuant to Vaccine Rule 18(b), that any reference to the "causal, non-medical comment referenced in the medical records, that Mr. Bechel 'may have Asperger's [syndrome]' be redacted and all references to 'Asperger's syndrome' be replaced with '[a neurological condition].'" *See* Motion for Redaction, dated June 5, 2023 (ECF No. 87) ("Mot.") at 2. Respondent reacted to the motion on June 5, 2023, deferring the resolution of this issue to my discretion. *See* Response to Petitioner's Motion for Redaction, dated June 5, 2023 (ECF No. 88) ("Resp.") at 4.

## ANALYSIS

Petitioner's Motion relies on the analysis set forth by the Court of Federal Claims in *W.C. v. Sec'y of Health and Hum. Servs.*, 100 Fed. Cl. 440 (2011), *aff'd on other grounds*, 704 F.3d 1352 (Fed. Cir. 2013)). Under Section 12(d)(4)(B) of the Vaccine Act, Petitioners argue, redaction of any and all reference to Mr. Bechel's medical history in the Entitlement Decision is appropriate to avoid an unwarranted invasion of privacy. Some discussion of the relevant legal standards governing petition information, and what is deemed appropriate for redaction (or not), is required to determine whether Petitioners herein have made a case for redacting the Entitlement Decision.

I have previously discussed at length the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Hum. Servs.,* No. 12-312V, 2015 WL 11387761, at *2–4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015)[3]; Section 12(d)(4)(B); Vaccine Rule 18(b).

The Act provides for redaction from published decisions of certain categories of information—"medical files and similar files"—but only if the disclosure of such information would constitute a "clearly unwarranted invasion of privacy." Section 12(d)(4)(B). Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioners' names (which are not similarly protected automatically) may also be redacted if the movant establishes proper grounds for so doing. *See generally W.C.,* 100 Fed. Cl. at 460–61 (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *A.K. v. Sec'y of Health & Human Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (same); *but see Langland v. Sec'y of Healthy & Hum. Servs.*, No. 07-36V, 2011 WL 802695, at *7–8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011) (Petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

---

[3] In *K.L.*, I initially denied the petitioner's motion for redaction for failure to substantiate the request. *K.L.*, 2015 WL 11387761, at *4. The petitioner then filed a motion for review, which was denied. 123 Fed. Cl. at 509. Subsequently, I invited the petitioner to renew her motion for redaction and offer additional evidence to substantiate it. After providing additional support, I granted the petitioner's motion. *K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460–61; K.L.,2015 WL 11387761, at *2–3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made, without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting Petitioner's motion for redaction because disclosure of her injuries would cause her harm in the employment context).

Here, I find it appropriate to grant Petitioners' motion. The Bechels have established that disclosure of the referenced section of the Entitlement Decision in its present form could adversely affect Mr. Bechel's employment and real estate business, and that the medical condition at issue was not established by the record otherwise. Mot. at 2. This constitutes a reasonable, persuasive basis for the redaction requested, and does not reflect or arise out of the general desire for privacy that virtually any Program claimant might express (but which is not by itself grounds for redaction). In addition, the amount of redaction is minor and will not otherwise prevent the public from comprehension of the basis for my Entitlement Decision. I therefore conclude that Petitioners have made an adequate showing for her redaction request. *See N.W. v. Sec'y of Health & Human Servs.*, No. 07-93V, 2018 WL 5851061 (Fed. Cl. Spec. Mstr. Jul. 13, 2018) (granting Petitioner's motion for redaction; Petitioner's particular professional concerns outweighed the competing interest in disclosure).

## CONCLUSION

For the reasons set forth above, I **GRANT** Petitioner's Motion. Petitioners shall file a proposed redacted form of the Entitlement Decision on or before June 21, 2023. Thereafter, the proposed redacted Decision shall be published in place of the earlier-filed version.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master